# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-349V
Filed: October 5, 2015
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * *
ARIKA BROWNE,                            *
                                         *
              Petitioner,                *        Damages Decision Based on Proffer;
                                         *        Influenza; Shoulder Injury ("SIRVA")
                                         *        Special Processing Unit ("SPU")
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
              Respondent.                *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On April 7, 2015, Arika Browne filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a left shoulder injury as a result of the administration of an influenza vaccine. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 20, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for a Shoulder Injury Related to Vaccine Administration ("SIRVA"). On October 5, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $37,000.00 for lost earnings, $85,000.00 for actual and projected pain and suffering, and $4,000.00 for past unreimbursable expenses, amounting to a total award of $126,000.00. Proffer at 1-2.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $126,000.00 in the form of a check payable to petitioner, Arika Browne.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| ARIKA BROWNE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 15-349V |
| v. ) | Chief Special Master Dorsey |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I. Items of Compensation**

A. Future Medical Care Expenses

Respondent proffers that based on the evidence of record, petitioner is not entitled to an award for projected unreimbursable medical care expenses incurred from the date of judgment as provided under 42 U.S.C. § 300aa-15(a)(1)(A). Petitioner agrees.

B. Lost Earnings

The parties agree that based upon the evidence of record, Arika Browne has suffered a past loss of earnings as a result of her vaccine-related injury. Therefore, respondent proffers that the Court should award Arika Browne a lump sum of $37,000.00 for her lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

C. Pain and Suffering

Respondent proffers that the Court should award Arika Browne a lump sum of $85,000.00 for her actual and projected pain and suffering. This amount reflects that the award

1

for projected pain and suffering has been reduced to net present value. See § 300aa-15(a)(4). Petitioner agrees.

### D. Past Unreimbursable Expenses

Evidence supplied by petitioner documents Arika Browne's expenditure of past unreimubursable expenses as a result of her vaccine-related injury. Respondent proffers that the Court should award Arika Browne a lump sum of $4,000.00 for past unreimbursable expenses as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(A). Petitioner agrees.

### E. Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens related to her vaccine-related injury.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $126,000.00, representing compensation for lost earnings ($37,000.00), pain and suffering ($85,000.00), and past unreimbursable expenses ($4,000.00), in the form of a check payable to petitioner, Arika Browne.

## III. Summary of Recommended Payment Following Judgment

Lump sum payable to petitioner:                                          **$126,000.00**

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

*/s/Claudia B. Gangi*
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357
Fax: (202) 616-4138

Dated:  October 5, 2015